IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GRACE JANSEN, AND (2) NICK JANSEN, INDIVIDUALS,<br><br>　　Plaintiff,<br><br>vs.<br><br>(3) BORDERLANDERS, INC., AND (4) KHUSAN ABDUKHAKIMOV, AND (5) JOHN DOE, AND (6) JANE DOE<br><br>　　Defendants. | §§§§§§§§§§§§§<br><br>Civil Action No. 4:22-cv-00171-TCK-CDL |

**DEFENDANTS BORDERLANDERS, INC. AND KHUSAN ABDUKHAKIMOV'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED DISTRICT COURT JUDGE:

COMES NOW Defendants Borderlanders, Inc. and Khusan Abdukhakimov (collectively, "Defendants"), and pursuant to 28 U.S.C. §§ 1441 and 1446 and LCvR 81-2, file this Notice of Removal.

## I.
## PROCEDURAL HISTORY

1. Plaintiffs filed suit in the District Court of Mayes County, State of Oklahoma on March 2, 2022, Cause No. CJ-2022-31 entitled *Grace Jansen and Nick Jansen v. Borderlanders, Inc. and Khusan Abdukhakimov and John Doe and Jane Doe* via the filing of Plaintiff's Original Petition.

2. Defendant Borderlanders, Inc. was served on March 14, 2022. Defendant Khusan Abdukhakimov was served on March 12, 2022. Both Defendants filed an Answer on April 6, 2022

and an Entry of Appearance on April 6, 2022. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

## II.
## VENUE

3. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441, because the case is a civil action between citizens of different states wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district and division.

4. Defendants have filed this Notice of Removal through the undersigned counsel and Defendants all jointly consent to removal.

## III.
## BASIS FOR REMOVAL

5. There is complete diversity between Plaintiffs and the Defendants in this case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332. In addition, no Defendant is a citizen of the state in which this action is brought. Thus, removal is proper.

6. Plaintiffs are individuals and citizens of the State of Oklahoma.

7. Defendant Khusan Abdukhakimov is an individual and a citizen of Ohio.

8. Defendant Borderlanders, Inc. is a corporation organized and existing under the laws of the State of Pennsylvania and having its principle place of business in Pennsylvania. Therefore, Defendant is a citizen of the State of Pennsylvania.

## IV.
## AMOUNT IN CONTROVERSY

9. The amount in controversy exceeds $75,000.00 in this case. In Plaintiff's original Petition, Plaintiffs specifically sets forth "Plaintiff[s] pray[s] for justice and judgment against Defendants in an amount in excess of $75,000." *See* Exhibit B, Plaintiff's Original Petition at 3. Thus, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

## V.
## DIVERSITY

10. "When jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332(a), each plaintiff must be diverse from each defendant to have what is known as complete diversity."[1] If diversity exists, and all requirements are met, federal law states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

11. Plaintiffs are citizens of Oklahoma. While Plaintiffs Petition does not include the Defendants' addresses, the Summons to Defendants establish Defendant Borderlanders, Inc. was served in Pennsylvania and Defendant Khusan Abdukhakimov was served in Ohio. *See* Exhibits D and E. Thus, this Court has diversity jurisdiction over this action, pursuant to U.S.C. § 1332.

## VI.
## ATTACHMENTS

12. Pursuant to 28 U.S.C. § 1446(a) and LCvR 81.2, copies of all process, pleadings and orders served upon Defendants, together with a copy of the docket sheet from the Oklahoma County District Court, are attached as Exhibits B – H.

---

[1] *Ravenswood Inv. Co., L.P. v. Avalon Correctional Services*, 651 F.3d 1219, 1223 (10th Cir. 2011).

13. Promptly after the filing of this Notice of Removal, Defendants shall give written notice of the removal to Plaintiffs, through their attorney of record and to the clerk of the state court as required by 28 U.S.C. § 1446(d).

## VII.
## JURY DEMAND

14. Pursuant to Federal Rule of Civil Procedure 38, Defendants demand a trial by jury.

## VIII.
## PRAYER

WHEREFORE, Defendants request this action now pending against them in the District Court of Mayes County, State of Oklahoma, be removed to the United States District Court for the Northern District of Oklahoma, as an action properly removable thereto and seeks all other relief to which they may be entitled.

Respectfully submitted,

*/s/Stephani Johnson*
Stephani R. Johnson, OBA #31773
stephani.johnson@wilsonelser.com
**WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER LLP**
901 Main Street, Suite 4800
Dallas, Texas 75202
(214) 698-8000 – telephone
(214) 698-1101 - telecopier

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been forwarded to all parties and counsel of record on this 8th day of April, 2022 pursuant to the Federal Rules of Civil Procedure.

Samuel T. Perrine
John Paul Truskett
Truskett Law Firm, PLLC
2921 East 91st Street South, Suite 100
Tulsa, Oklahoma 74137

                                                */s/Stephani Johnson*
                                                STEPHANI R. JOHNSON