# EXHIBIT C

IN THE DISTRICT COURT OF MAYES
STATE OF OKLAHOMA

```
FILED IN THE DISTRICT COURT
    MAYES CO., OKLAHOMA

       MAR 0 2 2022

JENIFER CLINTON, COURT CLERK
BY _____ DEPUTY
```

GRACE JANSEN, and NICK JANSEN, individuals, Plaintiffs,

v.

BORDERLANDERS, INC., an business, and KHUSAN ABDUKHAKIMOV, an individual, and JOHN DOE, a business entity, and JANE DOE, an individual, Defendants

Case No. CJ-2022- 31

The Honorable

## **PETITION**

1. On 11/28/2021, on a public roadway called I-44 in Mayes County, Oklahoma, Defendant KHUSAN ABDUKHAKIMOV (hereinafter Defendant KA) willfully or recklessly or negligently drove a motor vehicle while working for Defendant Borderlanders, Inc. (hereinafter Defendant INC).
2. As a result, Plaintiffs were injured.
3. Plaintiff Grace Jansen was a no-fault passenger at the time of the collision.
4. The collision directly caused injuries and damages to Plaintiffs.
5. This Court has jurisdiction over this matter.
6. Defendant KA drove inattentively, directly causing this collision.
7. Directly before the collision Defendant KA's vision was not obscured.
8. A driver must obey a traffic rules and/or laws.
9. A driver must drive at a safe speed for traffic conditions.
10. Defendant KA directly caused injuries and damages to Plaintiffs.
11. Plaintiffs made no improper action.
12. Defendant's improper actions and/or omissions directly caused this collision.
13. Defendant KA had the responsibility to drive as a reasonably prudent driver on the date and time of this collision.
14. Defendant KA had the responsibility to follow the rules of the road.
15. Defendant KA violated the rules of the road.
16. Defendant KA drove recklessly.
17. Defendant KA was negligent.
18. Defendant KA drove carelessly.
19. Defendant KA breached duties owed to Plaintiffs.
20. Defendant KA violated responsibilities.
21. To date Defendant KA has not paid compensation to Plaintiffs for Plaintiffs' injuries.
22. Defendants chose to violate the law.
23. According to the National Safety Council there are approximately 12 million collisions annually in the United States.
24. Approximately 3 million collisions annually in the U.S. involve injuries.
25. This equates to about one collision causing injury every eleven seconds.
26. Defendants should pay full compensation to Plaintiffs.
27. A driver must pay attention while driving.

1

28. Defendants were negligent *per se* and/or liable per *res ipsa loquitur* due to the violations and/or broken laws which directly caused injuries and damages to Plaintiff.
29. Defendant INC employed Defendant KA on the day of the crash.
30. At the time of the collision Defendant KA was working for and/or within the scope of employment for Defendant INC and/or Doe(s).
31. The truck Defendant KA was driving at the time of the collision was owned, maintained, repaired, and/or controlled by Defendant INC, and/or Doe(s).
32. Defendant INC and/or Doe(s) had the responsibility to properly repair, maintain, manage, supervise, and/or oversee the truck Defendant KA was driving at the date and time of this collision.
33. On the date and time of the collision, Defendant KA was acting in the course and scope of employment and/or with permission for Defendant INC and/or Doe(s).
34. Defendant INC and/or Doe(s) is/are liable for any improper action and/or omission done by Defendant KA during the operation of the truck.
35. On the date and time of the collision Defendant KA was an authorized driver of Defendant INC and/or Doe(s).
36. Defendant INC and/or Doe(s) negligently, recklessly, and/or improperly entrusted, hired, retained, supervised, educated, and/or trained etc. Defendant KA.
37. Defendant KA was in a joint venture and/or in a dual capacity with Defendant INC and/or Doe(s) at the time of the collision.
38. Defendant INC and/or Doe(s) is/are liable for negligence, recklessness, and/or carelessness directly and for the actions and/or omissions of its employee and/or agent Defendant KA.
39. Defendant ALB allowed Defendant KA to drive the vehicle.
40. Defendant ALB had the responsibility to use ordinary care to avoid lending the vehicle to another person whom he knew or reasonably should know was careless, reckless and/or incompetent to drive.
41. Defendant ALB is liable for any improper action and/or omission committed by Defendant KA during the operation of the motor vehicle, inclusive of the time and date of this crash.
42. Defendant KA was an authorized driver of Defendant ALB, John Doe, and/or Jane Doe at the time of the crash.
43. Defendant ALB, John Doe, and/or Jane Doe negligently, recklessly and/or improperly entrusted Defendant KA with said motor vehicle.
44. Defendant ALB knew or should have known Defendant KA was not a safe, competent, and/or qualified driver.
45. Defendants directly caused Plaintiff damages.
46. Defendant KA is liable.
47. Defendant KA is responsible.
48. Defendant KA is accountable.
49. Defendant ALB is liable.
50. Defendant ALB is responsible.
51. Defendant ALB is accountable.
52. Defendants breached duties owed to Plaintiff.

WHEREFORE, Plaintiff prays for justice and judgment against Defendants in an amount in excess of $75,000, pre-judgment interest, post-judgment interest, attorney's fees, costs, expenses, punitive damages, and that this Court would deter wrongful conduct, promote safety, and grant any other relief which this Court deems just and proper. ATTORNEY FEE CLAIMED; JURY TRIAL DEMANDED; ATTORNEY LIEN CLAIMED; PRE & POST-JUDGMENT INTEREST.

Respectfully submitted,

Samuel T. Perrine, OBA # 32165
John Paul Truskett, OBA #20550
Truskett Law Firm, PLLC
2921 East 91st Street South, Suite 100
Tulsa, OK 74137
(918) 392-5444
(918) 856-3676 - Fax
john@truskettlaw.com

3